IRA ALLEN,
Administrator of ETHAN ALLEN,
*against*
GIDEON and JONATHAN ORMSBY.

THIS was an appeal from a Freehold Court. The original process was by summons.

A motion was entered to quash the complaint, because no minute was entered upon it of the time of the exhibiting the same by the magistrate issuing the process, in pursuance of the 5th section of the act for the limitation of suits on penal statutes, criminal prosecutions, and actions at law, passed *November* 6th, 1797. *Vermont* Statutes, vol. 2. p. 407.

Upon complaint brought upon the 6th section of the act to prevent forcible entry and detainer, it is not necessary that the magistrate issuing the process should enter on the complaint a minute of the time of its exhibition.

*Sed per Curiam.* By that section it is enacted, "that when any bill, complaint, &c. shall be exhibited, or any action or suit brought or commenced *in*

*any of the cases mentioned in the preceding sections,* then the minute shall be entered." A recurrence to the preceding sections shews the intention of the Legislature to render such minute necessary only in criminal process, actions *qui tam,* or upon penal statutes.

*Vermont* Stat. vol. 1. p. 215.

The second section of the act to prevent forcible entry and detainer, passed 27th *February,* 1797, empowers the Justices of the Freehold Court to inquire by Jury,

First. As to those who make unlawful and forcible entry into lands, tenements, and other possessions, and with strong hand detain the same.

Secondly. As to those who, having a lawful and peaceable entry into lands and tenements, unlawfully and by force hold the same.

In which cases the Freehold Court have power to fine the intruder, and the complainant, by the 5th section of the act, has a right to recover treble damages, with costs, by an action brought upon the statute.

The sixth section of the act points out two other cases:

First. Where a person shall wilfully and without force hold over any lands, tenements, or other possessions after the time for which they are demised or let to him, or to the person under whom he claims.

Secondly. When any person wrongfully and without force by disseisin shall obtain and continue in possession of any lands, tenements, or other possessions, and after demand made in writing for the delivery of the possession thereof by the person having the legal right of such possession, his agent or attor-

ney, shall refuse or neglect to quit such possession. In which cases the same proceedings shall be had as in cases of forcible entry and detainer.

But in these cases no action is by the statute given to the complainant to recover his treble damages and costs; and further it is provided, " in such cases the original process shall be a summons, and the Justices *of the Freehold Court* shall have no power to assess a fine on the person complained of."

To decide whether the minute of the time of the exhibition of this complaint was necessary to be entered upon it in writing under the official signature of the magistrate issuing the process, we must inquire upon which section of the act the complaint is brought.

The Court consider it to be brought upon the sixth section, and the cases in that section subjecting to no fine, and giving no right of action for a penalty, are not within the purview of the 5th section of the limitation act of *November* 6th, 1797, and therefore no such minute was necessary to be made.

Motion dismissed.

The Court ordered a Jury impanelled to try the issue.

A question was made, what oath should be administered to the Jury: that prescribed in the act establishing forms of oaths, styled " the Juror's oath at a Freehold Court," *Vermont* Stat. vol. 2. p. 346. or " the Petit Juror's oath in civil causes," prescribed by the same act.

The Court directed the latter to be administered to the Petit Jury.

*Margin notes:*

Allen
v.
Ormsby.

Upon trial at the Supreme Court, on appeal from a Freehold Court, the Petit Juror's oath in civil causes must be administered to the Petit Jury.

Allen
v.
Ormsby.

On complaint by an administrator, under the act to prevent forcible entry and detainer, the complainant shall not be estopped from shewing possession in the intestate, because he has omitted to inventory the lands in question in his return to the registry of probate of the intestate's real estate.

The defendants, in the course of the trial, exhibited the inventory of the intestate's lands returned by the administrator, now complainant, to the Judge of probate, in which no mention is made of the law described in the complaint; and insisted, that as the administrator was obligated by law to cause an inventory and appraisal of all the real estate of the deceased intestate to be made and exhibited into the registry of the Court of probate; and this having been done, the administrator could not have any control of the lands belonging to the estate of the intestate, except such as were thus inventoried. *Vermont Stat.* vol. 1. p. 130.

*Sed per Curiam.* The administrator has executed a bond to the Judge of probate, with sufficient surety, for the faithful discharge of his trust. By the conditions of this bond he covenants to make and deliver into the registry of the probate a true and perfect inventory of all and singular the goods, chattels, rights, credits and *estate* of the deceased intestate, which have or shall come into his hands, possession or knowledge. On breach of this bond he must respond in damages, but this cannot destroy his right to maintain an action upon the 66th section of the act for the probate of wills, &c. for the recovery of the seisin or *possession* of any houses, lands, tenements, or hereditaments, on the right of his intestate.

Indeed it may be often prudent in the administrator to institute a suit for the recovery of the seisin or possession of lands of doubtful tenure, that the claim of the estate of the intestate may be rendered certain before he inventories such lands; otherwise he

might embarrass the settlement of the estate by ostensibly augmenting its amount with a mere colour of title.

The inventory exhibited by the administrator to the registry of the probate cannot be read in evidence.

There was another point made in this cause by the defendants, to wit, that the defendant, *Gideon Ormsby*, had no written notice to quit the premises until subsequent to the commencement of the process.

This point was, by agreement of parties, reserved for the opinion of the Court; and by consent of parties a verdict was taken against the two defendants.

The reserved case was never argued, the complainant having entered a discontinuance, *January* term, 1806.

In the interim, an action of ejectment had been brought for the same land by the heirs of *Ethan Allen* against *Jonathan Ormsby*, tenant in actual possession; and at the last mentioned term, verdict for the plaintiffs.

*Charles Marsh*, for complainant.
*W. C. Harrington* and *Amos Marsh*, for defendants.