## GEORGE OLNEY *vs.* DANIEL PEARCE.

The third section of the "Act prescribing the forms of writs and manner of serving them," directing the officer, charged with the writ of arrest, in case the body of the defendant cannot be found and his goods and chattels have been attached, "to leave, immediately after, an attested copy of such writ, with a copy of his doings thereon, at the defendant's usual place of abode, with some person there, that the defendant may have knowledge of the suit," does not apply to the case where the goods and chattels are taken under the warrant of a Collector of Taxes.

Sec. 22, of the act in relation to the election and duties of Town Officers, prescribes: "Every person elected to any town office shall take the following engagement before he shall act therein: you     do solemnly swear, (or affirm,) that you will be true and faithful unto this State, and support the Laws and Constitution thereof, and the Constitution of the United States; and that you will well and truly execute the office of     for the ensuing year, or until another be engaged in your room, or until you be legally discharged therefrom." *The certificate of* the oath of a Collector of Taxes was as follows: "Personally came Daniel Pearce and made oath to support the Constitution of the United States, the Constitution and Laws of this State, and to faithfully and impartially discharge the duties of his appointment." *Held* that the oath was not in compliance with the Statute.

TRESPASS for taking and carrying away a buggy wagon of the value of two hundred dollars, the property of the plaintiff. The defendant pleaded, that, at the time of the trespass, he was collector of taxes of the town of Smithfield, and justified under his warrant, the defendant having been legally taxed in said Town in the sum of thirty dollars for personal estate, and having neglected and refused to pay said tax, the same having been by said defendant legally demanded of him. Issue was joined upon this fact, and the case having been submitted to the jury, their verdict was returned as follows: "The jury

George Olney *vs.* Daniel Pearce.

find: That at the time of the alleged trespass in the plaintiff's declaration set forth, said defendant was collector of taxes for said Town of Smithfield : that said plaintiff was legally taxed in said Town in the sum of thirty dollars for personal estate ; that the Town Treasurer issued his warrant affixed to a tax bill or list of said taxes, in which said sum of thirty dollars was therein expressed against the name of said plaintiff, by which warrant said defendant was commanded to collect said tax, and the same was committed to said defendant for collection ; and said plaintiff having neglected and refused to pay said tax, the same being by said defendant legally demanded of him, said defendant did by virtue of his said authority distrain and remove said wagon, and, after due notification, did sell the same for non-payment of said tax and cost of notification, as he lawfully might, and as is in said defendant's plea set forth, and not in his own wrong, as by said plaintiff in his replication alleged."

Thereupon the plaintiff moved for a new trial on the following grounds :

1st. There was no proof that the defendant left a copy of the warrant directed to him by the Town Treasurer of Smithfield, commanding him to collect said Tax, with a copy of his doings thereon at the plaintiff's usual place of abode, with some person there, and the Court instructed the jury that it was unnecessary for the defendant so to do.

2d. The warrant was informal and illegal.

3d. It did not appear upon the trial of said cause that the said defendant had taken the oath of his said office

in the words and form prescribed in the 22d section of the act entitled "an act in relation to the election and duties of Town Officers."

C. ROBINSON, for the plaintiff.

J. H. WEEDEN, for the defendant.

GREENE, C. J.—The first ground assigned for a new trial is this: the Collector, when he levied the warrant upon the goods of the defendant, did not leave a copy thereof with his doings thereon at the plaintiff's usual place of abode with some person there. This objection is founded on the 3d section of the act prescribing the forms of writs and the manner of serving them.

We think it very clear that the present case is not within the language or spirit of that act. The object of leaving a copy was as stated in the act, to give the defendant notice of the suit; otherwise the plaintiff might obtain judgment against him without his knowledge. But the warrant of the Collector was in the nature of an execution, and the only object of notice could be to attend the sale, and such notice is furnished in the notification of the sale which is required by law.

We think, too, that the warrant in this case was legal and valid in form.

The main question arises upon the objection to the form of the oath taken by the Collector. The certificate of the oath administered is as follows: " Personally came Daniel Pearce and made oath to support the Constitution of the United States, the Constitution and Laws of this State, and to faithfully and impartially discharge the duties of his appointment." The form prescribed by the Statute is as follows: " You      do solemnly swear,

(or affirm,) that you will be true and faithful unto this State and support the Laws and Constitution thereof, and the Constitution of the United States, and that you will well and truly execute the office." Dig. of 1844, p. 305, sec. 22. Does the certificate show a compliance with the law, it not appearing that the defendant was sworn to be true and faithful to this State?

So far as third parties are concerned, dealing with the Collector as such in good faith, it is immaterial whether the Collector took the requisite oath or not. If he were Collector in fact, although he had given no bond or taken no oath, those who deal with him in good faith, as Collector, will be protected; as a purchaser, for instance, of the plaintiff's property held by the defendant under his warrant and for which this action is brought. But with reference to the officer himself, the rule is different; he must see to it that the law is complied with. The 22d section of the act in relation to the election and duties of town officers provides, that every person, elected to any town office, shall take the oath of office before he shall act therein; and in point of law unless such oath be taken, he cannot justify under his official authority.

The case then turns upon the question whether the certificate shows a compliance with the statute.

We do not think the statute form need be literally followed. The change of one word to another of like meaning would not vitiate, and a change of the language of a whole clause would not vitiate, provided the meaning be the same. But the meaning must be clearly shown to be the same.

The change in the present case is not by substituting one kind of phraseology for another, both importing the

same thing, but by omitting altogether that part of the oath by which the party swears to be true and faithful to the State.

And the counsel for the defendant defends this omission upon the ground that the clause omitted means the same thing and no more than the clause retained; in other words, that the oath to support the Constitution and Laws of the State means as much and the same as if the statute form had been followed in full.

It is to be observed; the General Assembly have not given the substance of the oath, but they have prescribed a particular form, giving the exact words to be used. They must have thought the part omitted material or they would not have prescribed it, and we ought to give effect and meaning to every part, if upon a fair construction it have any meaning. To support the Constitution and Laws of the State, means to obey the Laws and Constitution, and to aid in all lawful ways in their enforcement; but it may well be doubted, whether such an oath would bind the party to repel invasion of the State. Such a case would be clearly within the oath to be true and faithful. The General Assembly did not mean to leave room for men to tamper with conscience by evasive reasoning, and thus escape the performance of their duty; they intended to make the matter plain by words embracing every possible case. They have done so, and this court do not feel authorized to undo what they have done, and thus create doubt and leave parties to evasive reasonings as to their oath and duty. It is said there are many town officers who fail to take the oath in the statute form. If the law be not followed this surely is no reason why this Court should not enforce it. Every

George Olney *vs.* Daniel Pearce.

town officer can read the statute if he chooses, and, if he will not, this Court cannot aid him.   An attempt on our part to support cases of doubtful construction, would introduce confusion, uncertainty and litigation, the very things which the General Assembly intended to prevent by prescribing an exact form.   Suppose we sustain the present oath ; in the next case of variation, the oath may be to be true and faithful to the State, omitting that part of the statute form which relates to the support of the Constitution and Laws.   Is this a compliance ?   We think it a much stronger case than the one before us.

We think the certificate of the Town Clerk does not show a compliance with the statute, and the motion for a new trial, therefore, must be granted.*

* *Vide.*   Spring vs. Lowell, In Error.   1. Mass. R. 422.   Bassett vs. Dean, 2 Harr. 432.   Lawrence vs. Sherman, 2 M. Lean, 488.   Blake vs. Sturtevant, 12 N. Hampshire, 567.   Cummings vs. Clark, 15 Vermont, 653. Allen vs. Ormsby, 1 Tyler, 347.   Rex vs. Sanchar, 2 Show. 68.   Johnston vs. Wilson, 2 New Hampshire, 202.   Cardigan vs. Page, 6 New Hampshire, 191.